Stanley *v.* Donoho.

WILLIAM STANLEY *v.* A. G. DONOHO.

1. APPEAL IN ERROR. *Presumption as to facts found by the court below.* Where the testimony is ample to sustain the contention of either party, the finding of the trial judge or jury is conclusive, unless error of law has intervened.

2. DETENTION OF PROPERTY BY WRIT OF REPLEVIN. *Measure of damages. How estimated.* The measure of damages, when property is wrongfully taken from one's possession by a writ of replevin, is the value of the use of such property during its detention, to be estimated by the ordinary market price of the use of such property.

3. JUDGMENTS. *Must be reduced to writing. When.* The Code, section 2673 (M. & V.), provides that "upon the trial of a question of fact by the court, the decision, if requested by either party, shall be given in writing, stating the facts found and the conclusions thereon, which shall constitute part of the record." A failure to do this, if the request is made before the rendition of the judgment, is ground for reversal.

FROM OBION.

Appeal in error from the Common Law Court of Obion county. CLINTON ADEN, J.

SWIGGART & CALDWELL for Stanley.

WADDELL & NAYLOR for Donoho.

FREEMAN, J., delivered the opinion of the court.

This is an action of replevin for a wagon and three yoke of oxen. The leading question in the case is, whether Donoho has paid for the property according to his contract of purchase, which is, that he was to have the use of the wagon and teams at

a price fixed as of purchase, Stanley retaining the title until paid for by Donoho in hauling logs to a certain mill. Stanley was to furnish supplies for Donoho's family, and they to be paid for first, then proceeds of hauling to go on the price of wagon and teams. The parties, neither of them, can read or write, Stanley appearing, however, to be a man of considerable means, owning a mill and carrying on other business requiring a book-keeper. The account for hauling was to be kept by Stanley's book-keeper, one Dyer, and was so kept, and also one Allen, who kept what is known as the "home account for supplies."

The matter went on for perhaps near two years, Donoho doing a large amount of hauling and receiving a large amount of supplies from Stanley. Dyer, the mill book-keeper, in the meantime having a difference with Stanley about the end of this period, seems to have left Stanley's employ and took the books containing Donoho's account with him. Donoho seemed to have been anxious for a settlement, and it is claimed by him in this case that one was had by parties selected by and representing Stanley and himself, in which it was found that he had paid for his supplies and the property in controversy, with a balance in his favor of one dollar and fifty-six cents, as evidenced by a statement given him, when the settlement was completed, by Allen, Stanley's book keeper, in substance, "due Donoho the above sum." The fact of this settlement is warmly contested, that is, that it was complete and assented to by Stanley. On this question, the testimony is ample to sustain the contention of

either party, and so, under settled rules, the finding of the court is conclusive on us, unless error of law has intervened. Several errors of this kind are assigned, one in the admission of testimony. The defendant, in showing the damages entitled to, by reason of the property having been taken out of his possession and kept during the pendency of the suit under the writ of replevin, proposed to show, and was so allowed by the court, the value of the use of the wagon and teams during the time of their detention. To this plaintiff objected, insisting that he could only prove what he would have earned in their use, on the idea that the proof offered involved a question of speculative damages.

There was no error in the ruling of the court on the state of this record. The measure of damages in such cases is the value of the use of the property during its detention, to be estimated by the ordinary market price of the use of such property. Of this use the defendant has been deprived, and he is entitled to receive its equivalent in money, and thus be made whole. The plaintiff may, if he can, show that for this length of time the value of the service of team and wagon would have been less than if hired by the day. This may not give exact justice in any case, but we see no better rule, nor any that will more nearly do so. Our statute has settled that the jury, in case they find for defendant, shall assess the damages for detention of the property. The detention deprives the defendant of the value of the use, and for this value, as we have said, he is entitled to a

Stanley *v.* Donoho.

judgment, when the amount is ascertained by the jury: M. & V., Code, section 4126. The judgment must be reversed, however, for failure to comply with the request of the plaintiff, "to reduce his findings to writing, stating the facts found by him, and also conclusions of law on said facts."

The Code, section 2673, M. & V. is, "upon the trial of a question of fact by the court, the decision, if requested by either party, shall be given in writing, stating the facts found and the conclusions thereon, which shall constitute part of the record." The request is shown to have been made before the rendition of the judgment. The statute is imperative, and furnishes perhaps the only means by which this court could intelligently review the action of the court below.

The judgment must be reversed and remanded for a new trial. We see that other material evidence may be had by proper effort, necessary to attain the justice of the case.